**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **GABRIEL PITTMAN** | : | **CIVIL ACTION** | |
| | : | | |
| **v.** | : | | |
| | : | | |
| **GOVERNOR TOM CORBETT, et al.** | : | **NO. 14-231** | |

**MEMORANDUM**

**SLOMSKY, J.**                                                                      **FEBRUARY   , 2014**

Plaintiff Gabriel Pittman, a prisoner incarcerated at the State Correctional Institution at Dallas, brings this action pursuant to 42 U.S.C. § 1983, based on his allegations that the defendants are incarcerating him pursuant to an invalid criminal judgment, that he has been denied medical treatment for a serious medical condition, and that he has been denied access to the courts. Plaintiff's initial motion to proceed *in forma pauperis* was denied without prejudice as incomplete, and the Court closed this case. Plaintiff again seeks to proceed *in forma pauperis* and asks to reinstate his case. He also requests leave to amend his complaint and attached an amended complaint to his motion to reinstate. The Court will grant plaintiff's request to amend and consider the amended complaint submitted with the motion to reinstate to be the governing pleading in this matter. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis*, reopen his case, dismiss several of his claims, and transfer the remaining claims to the United States District Court for the Middle District of Pennsylvania.

## I.    FACTS[1]

Plaintiff pled guilty to murder and related charges in the Lehigh County Court of Common Pleas, and was sentenced to a term of imprisonment, which he is currently serving at SCI-Dallas.

---

[1] The following facts are taken from the amended complaint and publicly available dockets of relevant criminal proceedings.

*See* CP-39-CR-0000304-1998.  He claims that, in 2012, he discovered that his judgment of conviction and sentence was "void ab initio" because the court that sentenced him allegedly lacked subject matter jurisdiction.  Accordingly, he contends that his related imprisonment is invalid.  He attempted to grieve this issue through the prison grievance process, but found the prison's response unsatisfactory, apparently because officials refused to release him.  He also contacted other authorities, to no avail.  Plaintiff indicates that several of his constitutional rights have been violated by his continued imprisonment and the denial of his grievances.

Plaintiff also contends that his medical needs have been disregarded during his incarceration at SCI-Dallas.  He alleges that he has been diagnosed with a skin disorder that causes painful cysts and that Dr. Stanish halted his prescribed treatment.[2]  (Compl. at 3(d)).  Plaintiff claims that SCI-Dallas and/or its contractors have instituted a "facially invalid policy and/or custom" whereby prison employees may ignore his condition, and that various prison officials have failed to train and/or supervise their staff and/or ensure proper handling of his grievances about the issue.  Finally, plaintiff contends that he is being denied access to the courts in connection with SCI-Dallas's policies, which he contends are preventing him from submitting legal documents to the courts and caused him to miss the deadline for an appeal.

Based on the above allegations, plaintiff seeks declaratory judgment, various forms of injunctive relief, and damages.

## II.    STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) apply, which require the Court to dismiss the complaint if it is frivolous

---

[2] Plaintiff did not identify Dr. Stanish as a defendant in the caption of the complaint in accordance with Federal Rule of Civil Procedure 10.  Indeed, the caption on his initial complaint only identified three defendants, while the body of his pleadings suggests that he intended to sue many more defendants, most of whom are officials or employees at SCI-Dallas.

or malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[T[o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). The rule announced in *Heck* applies equally to claims for declaratory relief if success on those claims would necessarily imply the invalidity of an intact conviction. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's

3

suit (state conduct leading to conviction or internal prison proceedings) — if success in that

action would necessarily demonstrate the invalidity of confinement or its duration."). Here,

plaintiff seeks damages and declaratory relief in part due to his allegedly unconstitutional

conviction and imprisonment. However, he does not allege that his convictions have been

reversed or otherwise invalidated by a state or federal court, and relevant dockets indicate that

his convictions remain intact. *See Pittman v. Walsh*, Civ. A. No. 13-348 (E.D. Pa.); *Pittman v.*

*Kyler*, Civ. A. No. 02-2825 (E.D. Pa); CP-39-CR-0000304-1998. Accordingly, all of plaintiff's

claims based on his allegedly invalid criminal judgment and his related imprisonment are

dismissed as frivolous because they are not cognizable in a civil rights action.[3]

Furthermore, "prison inmates do not have a constitutionally protected right to a grievance

process." *Jackson v. Gordon*, 145 F. App'x 774, 777 (3d Cir. 2005) (per curiam); *see also*

*Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (collecting cases). Accordingly, to the

extent plaintiff's claims are based on the defendant's denials of grievances and/or inadequacies

in and dissatisfaction with the grievance process, he has not stated a constitutional claim. *See*

*Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (per curiam). Amendment would be

futile as to those claims because plaintiff cannot state a constitutional claim based on his

dissatisfaction with the grievance process. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103,

114 (3d Cir. 2002).

In light of the dismissal of all of plaintiff's claims related to the alleged

unconstitutionality of his convictions and imprisonment, and the handling of his grievances

---

[3] Although plaintiff does not directly request release from imprisonment, any requests for such relief in a § 1983 action would be frivolous. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

4

related to those claims, he has no remaining claims against Governor Corbett, any former governors, or any officials or employees of Lehigh County. Accordingly, those defendants are dismissed from this case.

All of plaintiff's remaining claims concern alleged constitutional violations that took place at SCI-Dallas, which is located in the Middle District of Pennsylvania. Furthermore, he is bringing those claims against prison officials and employees of SCI-Dallas. Thus, it appears that venue is improper in this District because none of the events giving rise to plaintiff's remaining claims occurred here and none of the remaining defendants appear to be located here. *See* 28 U.S.C. § 1391(b). Accordingly, the Court will transfer this case to the Middle District of Pennsylvania pursuant 28 U.S.C. § 1406(a). *See Lafferty v. St. Riel*, 495 F.3d 72, 74-75 & n.3 (3d Cir. 2007) (declining to disturb district court's sua sponte transfer under § 1406(a)); *Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer case under § 1406(a)). Even if venue were proper in this district, the Court concludes that transfer would be appropriate under 28 U.S.C. § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's claims relating to the invalidity of his conviction and the related grievance process will be dismissed with prejudice. His remaining claims will be transferred to the Middle District of Pennsylvania.[4] An appropriate order follows.

---

[4] To the extent plaintiff's motion to reinstate requests a stay of this case, that request is left to the discretion of the transferee court.

5